DOYKOS v. MONTGOMERY, WARD & CO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURT—SUMMONS—SERVICE.

The method of service of summons on a corporation made a defendant in an action in the Municipal Court of the city of New York, is provided by Municipal Act (Laws 1902, c. 580) § 31, and not by Code Civ. Proc. §§ 431, 432, prescribing the manner of service of summons on domestic and foreign corporations, made inapplicable to the Municipal Court by section 3347, subd. 4.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

2. CORPORATIONS (§ 668*)—SERVICE OF PROCESS—"MANAGING AGENT."

An employé of a foreign corporation engaged in the sale of merchandise under a mail order system, with the duty of delivering such orders to manufacturers and jobbers in New York City as are transmitted to him from the home office and who receives the mail of the corporation at its New York office and transmits it to the home office, and who has no supervision over the correspondence or over the business, and who is employed on a weekly salary paid by check from the home office, is not a "managing agent" of the corporation within Municipal Court Act (Laws 1902, c. 580) § 31, providing that service of a summons on a corporation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may be made by delivering a copy to the president, secretary, cashier, or "managing agent."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*

For other definitions, see Words and Phrases, vol. 5, pp. 4320–4323.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Elias Doykos against Montgomery, Ward & Co. From a judgment for plaintiff, rendered in the Municipal Court of the city of New York, defendant apeals. Reversed, and complaint dismissed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Pressinger & Newcombe (Richard S. Newcombe, of counsel), for appellant.

Newman & Butler, for respondent.

HENDRICK, J. This case comes before this court upon an appeal from a judgment, such appeal being taken under the provisions of section 311 of the Municipal Court act (Laws 1902, c. 580). The defendant is concededly a foreign corporation, and the summons was served upon one Harder. The method of service of a summons upon a corporation is provided for by section 31 of the Municipal Court act. Sections 431 and 432 of the Code of Civil Procedure are not applicable to the Municipal Court being excluded by the provisions of section 3347, subd. 4. Section 31 of the Municipal Court act provides that service of a summons upon a corporation may be made by delivering a copy to the president, or other head of the corporation or to the secretary, cashier, or managing agent thereof.

The claim of the plaintiff herein is that Harder is the managing agent of the defendant. This question must be determined in this court upon the affidavits submitted by the respective parties. The affidavit of Harder shows: That the defendant is a foreign corporation conducting its business in the city of Chicago, state of Illinois. That the business of the defendant is the sale and delivery of merchandise under a system which is generally known as a mail order business. That the greater portion of the goods sold by defendant are manufactured by it in Illinois. That the defendant also buys goods in bulk from other manufacturers in different parts of the country. That the contracts for such goods are all made at the city of Chicago, the defendant's custom being to have its buyers visit the different states and procure samples from the manufacturers therein, have said samples forwarded to Chicago, and from said samples select such goods as would be marketable, the order for such goods being transmitted from Chicago to the manufacturers, and said goods then shipped to Chicago, and, in turn, thereafter transmitted from Chicago to the mail order purchasers. That Harder's duties in the city of New York are merely to deliver such orders to manufacturers or jobbers in the city, as are transmitted to him from the defendant in Chicago, and press such manufacturers or jobbers who have contracted to make deliveries to defendant and have delayed in making the same. That

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harder has no discretion in the purchase of such goods nor as to the price to be paid therefor, nor as to the character thereof, he being limited by written instructions from Chicago and having no discretion whatever in the execution of said instructions in every case. That he has no general power, control, or supervision over the conduct or management of the business of defendant, or any branch or department thereof, and is engaged merely as a clerk on a weekly salary which is paid by check from the Chicago office. That at 43 Leonard street, in this city, the defendant has two rooms, on the door of which appears its name. Said rooms are used as the Eastern headquarters of defendant's buyers who, when in this district, congregate and receive their mail there. Such rooms are also used for the purpose of receiving mail directed to defendant at the city of New York, and the mail so received is directly transmitted by Harder to the Chicago office, he having no authority, control, supervision, or charge over such correspondence. That Harder is not invested with any power involving the exercise of judgment or discretion, but is an ordinary employé who acts in an inferior capacity and under the direction and control of the defendant at Chicago, both in regard to the extent of his work and the manner of executing the same. That he is not the president, vice president, treasurer, assistant treasurer, secretary, or assistant secretary of defendant. The only affidavit submitted in reply to the one made by Harder is one in which the affiant states that upon consulting the copartnership and corporation directory of this city he found the name of Harder mentioned therein as the agent of the defendant.

From the foregoing, it will be seen that the person served with the summons in this action is not one of those mentioned in section 31, supra, and the judgment herein must be reversed.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.